TEXTO COMPLETO DE LA SENTENCIA
Carmen Matos Rodríguez recurre de la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, quien, luego de una vista en sus méritos, declaro NO HA LUGAR la demanda presentada por ésta contra Supermercados Pitusa, Inc. Dicho foro le impuso, además, el pago de las costas y gastos del pleito.
Como único señalamiento de error, plantea en su breve escrito que el foro inferior incidió al deneear la demanda. 
Evaluada la documentación sometida, la exposición de la prueba estipulada por las partes, con el beneficio de la comparecencia de la recurrida, estamos en posición de resolver.
I
Los hechos ante nos, se originan el 25 de febrero de 1997 cuando la aquí apelante sufrió una caída dentro del Supermercado Pitusa de Mayagüez.
Insto una demanda contra la aquí apelada reclamando la cantidad de $20,000.00 "por concepto de daños generales y específicos, causados mediando negligencia". (Apéndice III, p. 11-12).
Para probar los daños, la apelante presento en evidencia seis fotos de ella, recibos de terapias y su propio testimonio. Por su brevedad lo exponemos:

Que el 25 de febrero de 1997, visito el Supermercado Pitusa después de ir a ver al médico para comprar líquidos para aliviar un catarro. Seleccionó los productos y se dirigió a la caja registradora a pagar; allí se acordó de que se le había olvidado coger unos gandules y volvió a los pasillos a buscarlos. Dejó el carrito y su compra en el 'counter' o mostrador de la caja registradora. Andaba sola en ese momento.

Indicó que cuando iba caminando por uno de los pasillos, se enredó en una alfombra y cayó al piso. No vio la alfombra antes de enredarse. La alfombra era de color vino, indico que cayó de rodillas encima de la alfombra y luego se dio en la boca.

Se fijó en la alfombra después de caerse y vio que la punta de la alfombra estaba doblada. La alfombra estaba frente al área donde se venden los 'arroces'. El resto de la alfombra no estaba doblada. Se le hizo un hematoma en el antebrazo manifestó, por lo cual tomó terapias, pero no recuerda sus fechas.

Declaró la demandante que visitaba frecuentemente el Supermercado Pitusa, una o dos veces al mes y que había comprado arroz allí anteriormente. No supo decir si había visto previamente la alfombra frente a los *1091 arroces .
Al mostrársele una fotografía que contenía una alfombra, admitió que dicha alfombra se parecía a la que aparece en esa foto. No sabe las medidas de la alfombra.
Antes de ir a Pitusa ese día, había estado en la Clínica Bella Vista. De allí salió directamente a Pitusa. En el hospital le habían ordenado que guardara reposo y tomara mucho líquido porque había estado en ayuno y le habían hecho análisis de sangre.
No recuerda si había pasado por ese pasillo antes de caerse, pero sí recuerda que había terminado de hacer su compra.
Cuando estaba en la caja registradora, habían otros clientes detrás de ella. En ese momento se enteró de que los gandules estaban en especial, dejó su carro de compra en la fila y salió con prisa a buscar los gandules. Los gandules se encontraban al final de un pasillo al fondo del supermercado.
Antes de tropezar, manifiesta la demandante, que no vio la alfombra porque suele no mirar al piso. Ella no acostumbraba a mirar al piso cuando caminaba. No puede decir la condición de la alfombra antes de caerse.
Luego de caerse y levantarse, no hizo nada con la alfombra, ni la tocó con sus manos, ni la enderezó. NO vio defecto alguno en la alfombra. Tampoco pudo observar la parte inferior de la alfombra en cuanto a su composición.
Luego de levantarse, cogió los gandules y pasó a la caja registradora. Allí pagó y luego fue a su carro a dejar la compra. Luego regresa al supermercado y se dirige a la oficina del gerente. No recuerda si fue con el gerente al pasillo donde se cayó.
Luego se fue en su auto a su casa. De su casa fue a casa de su hermana y de allí fue al Hospital La Concepción. Allí sólo le tomaron radiografías de sus rodillas. El resultado de la radiografía fue negativo. No trajo al juicio los informes radiológicos.
Tiene previo récord médico en el Hospital Bella Vista por problemas de fibromiositis del hombro derecho y por artritis degenerativa de ambas rodillas.
Las terapias que recibió, luego del accidente, no fueron en las rodillas, sino en el hombro derecho.
Luego del accidente continuó trabajando como costurera y no tuvo que faltar a su trabajo. Continuó mejorando.
Por su parte, los demandados presentaron al gerente del Supermercado Pitusa. Este declaró “que la alfombra que alegadamente provoca la caída de la demandante es de color rojo brillante, tiene bordes de goma con el propósito de que se mantenga adherida al piso o suelo, que esa alfombra era cambiada cada dos semanas por una compañía que ellos contratan a esos efectos. ” Indica que la alfombra por debajo tiene unos puntos de goma para sujetarse al piso y los bordes son de goma y que la compañía que le da mantenimiento es la Cadillac.
Informa que con motivo del accidente, él le dio un referido a la demandante para que se atendiera en el Hospital La Concepción de San Germán.
Indicó que fue al lugar de los hechos con la demandante y encontró todo en estado normal. No habían puntas dobladas en la alfombra. El pasillo tiene siete (7) pies de ancho y la alfombra tiene medidas de cuatro pies (4) de ancho y ocho (8) pies.de largo.
*1092 La alfombra no se mueve cuando es pisada por su propia constitución. A la alfombra se le da un mantenimiento de limpieza diaria. No tenía defectos.
Pudo observar a la demandante luego del accidente y caminaba normalmente.
Con estos hechos, el foro sentenciador declaró No Ha Lugar la demanda presentada por la aquí apelante. Dicho foro concluyó que la apelante "no cumplió con su obligación de probar, a satisfacción del tribunal, los daños sufridos, salvo el hecho de informar que había recibido unas terapias y traer evidencia de que había pagado por las mismas. ” (Sentencia recurrida, p. 6).
En su recurso ante nos, el abogado de la apelante se limita a meramente cuestionarse cómo pudo el Tribunal concluir como concluyó y a señalar que: "probó que el doblez de la esquina de la alfombra provocó la caída, y el control y supervisión de ella, está en manos de la demandada.” 
Nada de lo alegado refuta la elaborada sentencia recurrida.
La apelante pretende establecer su reclamación a base de una especulación. Sostiene que la alfombra pudo haber estado doblada, aunque no pudo establecer la certeza de dicho hecho esencial. El Tribunal no puede imponer responsabilidad civil extracontractual basado en conjeturas, sino que tiene que fallar conforme a la prueba presentada. Un tribunal no tiene arbitrio absoluto para negar o conceder la reparación de los daños y perjuicios causados, con arreglo a su discrecional criterio, sino que deberá fallar lo que fuere procedente conforme a lo que haya sido probado. Concepción Guzmán v. A.F.F., 92 D.P.R. 488 (1966); Infante v. Leith, 85 D.P.R. 26 (1962).
El demandante no tiene que probar negligencia más allá de duda razonable, pero las circunstancias reveladas por la prueba deben ser lo suficientemente fuertes, de manera que el tribunal de instancia pueda, tomando en consideración las probabilidades existentes en el caso, excluir inferencias favorables al demandado. No es suficiente en un caso de daños y perjuicios que la negligencia imputada al demandante pudiera, justa y razonablemente, haber causado la lesión del demandado si las circunstancias demuestran una probabilidad igual de que se debió a otra causa. Viuda de Delgado v. Boston Ins. Co., 99 D.P.R. 714 (1971).
En el caso ante nos, la apelante se limito a testificar que se cayó y que cuando observó la alfombra después de su caída, vio que la punta estaba doblada. El Tribunal no creyó la teoría que intentó promover la demandante, y a esos efectos determinó:
La demandante no había visto la alfombra antes de la caída. Luego que cayó, la demandante vio que la alfombra tenia la punta doblada. La demandante, no empece a la caída, tomó las latas de gandures que iba a buscar, se dirigió hacia las cajas registradoras, pagó la compra, salió del establecimiento, llevó la compra al carro y regresó al establecimiento y habló con el gerente, Sr. Edward Duprey.

Alega la demandante que la alfombra tenía una punta como doblada, (...)”.

Cuando el gerente fue con la señora al área del alegado accidente, no vio nada fuera de lugar.
La prueba presentada no probó al Tribunal que la alfombra hubiera estado doblada antes de su caída. En ausencia de otra prueba que estableciera la existencia de una condición peligrosa atribuible a la parte demandada, el Tribunal está obligado en derecho a desestimar la reclamación en sus méritos.
Sabido es que el peso de la prueba en este tipo de casos, recae sobre la parte demandante. A esos efectos, nuestra jurisprudencia ha sostenido que:
"En acciones de daños y perjuicios contra establecimientos comerciales por clientes que alegan haber *1093 sufrido daño mientras visitaban el negocio, el demandante (visitante) tiene la carga de probar que el dueño del establecimiento no ejerció el cuidado debido para la seguridad del local y la existencia de la condición de peligrosidad que ocasionó la caída." Coito v. C. M. Ins. Co., 116 D.P.R. 644 (1985).
No erró el foro recurrido al concluir que la aquí apelante no cumplió con su obligación de aportar prueba para demostrar que el Supermercado Pitusa incurriera en actos negligentes, que le ocasionaran daños.
Con estos antecedentes, se confirma la sentencia recurrida.
Notifíquese.
Así lo pronunció y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2001 DTA 90
1. Erró el Tribunal de Instancia al declarar No Ha Lugar la demanda del caso de epígrafe alegando entre otras razones que la demandante tropezó por razones no atribuibles a la alfombra, por lo que la prueba testifical consistió del sólo testimonio de la demandante, porque no pasó prueba que la alfombra estuviera doblada al momento del accidente.
2. "Cómo puede el Tribunal concluir que la demandante Carmen Matos Rodríguez, tropezó por razones no atribuibles a la alfombra, cuando la propia demandante manifestó que se cayó en la alfombra y dicha prueba no fue controvertida; al contrario, la parte demandada aceptó los hechos de la caída; vease la contestación a la demanda.

La Sentencia del tribunal pretende establecer que porque la prueba testifical de una parte, consista del testimonio de la propia y única demandante, ésta de por sí sola, no es suficiente. No le asiste la razón.

Se ha establecido en la interpretación jurisprudencial del Artículo 1802 del Código Civil de Puerto Rico (31 L.P.R.A. 5141) que en los casos de caídas, hay que probar la existencia de la causa peligrosa, Feliciano v. Escuela de Enfermerías, 94 D.P.R. 535 (1967), y aquí se probó que el doblez en la esquina de la alfombra provocó la caída, y el control y supervisión de ella, está en manos de la demandada."
Esta es toda la argumentación de este recurso.